The second case, Billhartz v. The Commissioner. Mr. Spicer. Thank you. May it please the court. My name is Philip Spiker here on behalf of the estate of Warren Billhartz, the appellant in this case. We're here on an appeal of the Tax Court's order enforcing a settlement between the estate and the Commissioner and a corresponding denial of the state's request for relief from that settlement due to various circumstances. The two primary issues are, number one, whether the tax court abused its discretion by summarily denying the estate's request for relief from the settlement without offering any reasons for that denial. And then number two, whether the tax court actually incorrectly concluded that the estate was not entitled to relief from the settlement. Now, a brief summary of the facts. The decedent was divorced in 1978. Incident to that divorce, he agreed with his ex-wife in the marital settlement agreement that he would leave a portion of his estate to his children at his death. When he died in 2006, the amount that he owed to the children was uncertain, and so the estate engaged in negotiations with the children to settle that amount. And in 2007, they reached a settlement of approximately $14 million. The estate deducted that amount and the Commissioner proposed to disallow that, and in the tax court proceedings, the estate and the Commissioner ultimately agreed to a deduction equal to 52.5% of that 2007 settlement amount. And then shortly after, very shortly after, reaching that basis for settlement, the children unexpectedly filed a lawsuit five years later after settling in 2007, filed suit against the estate, essentially trying to back out of that 2007 settlement and trying to claim more money from the estate. So the estate requested relief from the settlement, but the tax court denied that relief and instead entered an order enforcing the settlement against the estate. Now, one of the central issues in this case is the question of whether or not the estate is entitled to relief by reason of mutual mistake. But despite the fact that that is a central issue, the tax court basically had virtually nothing to say about that issue itself. In fact, the tax court's entire discussion of mutual mistake was limited to a single conclusory sentence, that the estate did not establish mutual mistake, fraud, or other grounds justifying relief. According to the Supreme Court, it is an abuse of discretion for a lower court to fail to state its reasons for a decision. At a bare minimum... Okay, Counselor, you waived this argument. I'm sorry? You waived this argument, so you might want to move on to something else. Do we waive? You didn't raise this until your reply brief. So the relative adequacy of the statement of reasons in the tax court's decision, the argument isn't going to get you anywhere. You better address the merits. Okay. Well, yeah, we do believe it was an abuse of discretion, but yeah, I can move on to the second issue. We believe that even in spite of that, the tax court did erroneously conclude that the estate is not eligible for relief because the 2012 settlement was infected by a mutual mistake. Specifically, it was predicated on the mutual assumption that the 2007 settlement was a final determination of the estate's liability to the children. And I'd really only like to make one brief point on the mutual mistake argument, because we've addressed it in our brief. But basically, the Commissioner tries to spin this as simply an erroneous failure to predict future events, namely the failure to predict the lawsuit by the children in 2012. But the Ninth Circuit has actually addressed a very similar set of facts in the U.S. v. Fowler case, which we've cited in our brief. And basically, that case involved a property owner that obtained a couple insurance policies, one from an insurance company and then a secondary policy from the federal government for flood insurance on a piece of property. The owner sustained a flood loss and filed claims with the insurance company and the federal government. The federal government paid the claim in the amount of $23,000 and the owner then settled with the insurance company for an additional $5,000 based on the fact that the federal government had already paid $23,000. It was later determined that the federal government actually erroneously paid that claim and shouldn't have, and the government later sued the owner for reimbursement of that amount. And so the owner filed a cross-claim against the insurance company to essentially avoid the original settlement based on the mutual mistake that they had both relied on the prior settlement with the federal government. And the District Court denied the owner's claim of mutual mistake and entered summary judgment in favor of the insurance company, but the Ninth Circuit reversed, stating specifically that the prior settlement with the government was, quote, a vital factor on which they, the owner and the insurance company, based their bargain. Just as the case here, the mutual mistake in the Fowler case was the reliance on the prior settlement with the third party, not the failure to predict the future lawsuit by the third party. In this case, the 2007 settlement was a vital factor on which the estate and the commissioner in this case based their bargain, and for that reason we do believe that there was a mutual mistake in this case. And then finally, we believe that the equities in this case favor a And there are several reasons, but the law does provide that in addition to fraud and mutual mistake, there are other grounds for granting relief. And that is established in case law. It's established in Rule 60b-6, and the tax court has stated that a stipulation could be rendered inequitable by development of a new situation. The Tenth Circuit has stated that a settlement should be set aside when, after entry of the judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. And this court has stated that relief is appropriate when intervening legal or factual changes make enforcement inequitable. And we believe that in this case, first off, the children's lawsuit was an unforeseen intervening factual change that would render enforcement of the settlement inequitable, and primarily because of the unique set of circumstances and how Section 65-12 of the Internal Revenue Code would apply to this set of circumstances. The lawsuit by the children is a contested claim that is typically addressed by the Treasury regulations when it comes to deducting a contested claim on an estate tax return. It cannot be deducted until it is ascertainable with reasonable certainty. And then the Treasury regulations provide that once it does become ascertainable with reasonable certainty, then the taxpayer has the ability to then later file a claim for refund. But what happens is, in this case, the children didn't even file a lawsuit until after the commissioner and the estate had reached a basis for settlement. Right, but they had earlier settled, and so why isn't that to the requisite reasonable certainty? Well, this... I mean, it can't have been anticipated that they would change their minds later and seek to undo the settlement that they had previously entered into. Right, well nobody expected the children or anticipated that the children would file a lawsuit, and so everybody assumed... Right, so it's just a failure to predict what they would do. No one has a crystal ball in that sense. So why weren't the state of affairs reasonably certain? Well, everybody believed at the time that the state of affairs was reasonably certain, but then later on... Right, so there's really no inequity going on here. The children changed their minds. They decided to take a shot at undoing the state court settlement. Right, but the... There's no certainty that makes what happened in the tax court here inequitable. Well, it is a mistake in this case because of the prior settlement. If the estate, if the children had never filed suit until after the settlement had been reached, then this would not be an issue, because generally the estate would not have even deducted the claim in the first place. And so there's the potential that this case never would have been before the tax court in the first place, which means the estate would have had the opportunity to file a claim for refund later. But because the children first settled and then later sued after the settlement, that is a set of circumstances that the estate in this case did everything possible to try to prevent that exact situation. They were proactive about negotiating a settlement with the children in 2007 for the purpose of finalizing the liability so that this type of a situation wouldn't come up. But everybody believed that the liability had been finally settled not only because of the 2007 settlement, but because state law provided the statute of limitations for filing a claim against the estate, which had passed three years prior to the fact that the... or three years prior to the thing to protect this type of whipsaw, and we believe that it would be inequitable to deny the estate at least a procedural opportunity to make the claim for the deduction and allow the merits to be decided later. And so those are the reasons that we believe that the estate should be entitled to relief in this case. So I'd like to reserve time for rebuttal if possible. Thank you. Thank you, Mr. Pritzker. Ms. Bartel. May it please the Court. The Commissioner, of course, agrees that the appellant waived his argument that the tax court wasn't explicit enough, but we also think the tax court did make it clear, and it's sort of denying the estate's motion to vacate the decision, that this case is governed by the rules stated by this Court in the Southwestern Electric Cooperative case. Holding that rules governing rescission for mutual mistake are inapplicable, whereas here a party's erroneous prediction or judgment of future events is involved. The only evidence that the estate offered in opposition to the children's subsequent state court lawsuits, which were filed after the settlement was reached and after the tax court withdrew the case from its calendar, as the Court pointed out, and it's sort of denying the motion to vacate, this litigation by the children was a potential future event at the time of settlement. It was not a mutual mistake, a mutual mistake as to an existing fact. The estate argues that there was at the time of settlement a mutual mistake of an existing fact, that the basic assumption that the estate's alleged debt to the children had finally decided in 2007 when the children signed their waivers of claims. This argument is wrong for several reasons. In the first place, any future claims by the children were simply not at issue in the settlement that the parties reached. The only amounts at issue were the specific amounts that the estate had deducted on its estate tax return, which the Commissioner treated as amounts, as testamentary dispositions and disallowed the deductions. The settlement contract specifically provided that a certain percentage of the amount actually deducted on the return would be deductible, making no reference whatever to the children's 2007 waivers of their claims, so that with respect to the deducted bequests, the Commissioner will concede 52.5% of the adjustments stated in the Notice of Deficiency, no reference to any events in 2007. And in fact, the estate has submitted no evidence of the parties' beliefs at the time of the settlement contract. There's no evidence that the estate, much less the Commissioner, based the decision to settle on an assumption that there would be no more payments to the children. There's no deposition testimony, no affidavit from the executor, for example, no letters or other documents, no factual materials supporting this assertion. Finally, as the Court has pointed out, this argument claiming that the basic assumption of the settlement was that there would be no more payments to the children is an argument that the essentially an argument that is based on something that is not an existing fact. It's an assumption regarding the future. So under Southwestern Electric and the restatement contracts, there is no mutual mistake in fact. The estate also argues that enforcement of the settlement would be inequitable or even unconscionable. Basically, the estate thinks it's unfair that having settled the case it can't take any additional deductions. It likes what it's got. It would like to keep that, but it wants more. However, as the tax court said in Dorchester, which is a reviewed opinion, which means it's basically en banc, it's the entire court, where a settlement leads to vacation of a trial date and would have led to entry of decision had the parties complied with the court's order, the parties are held to their agreement without regard to whether the judgment is correct on the merits, absent a showing of lack of formal consent or fraud or similar. None of the cases that the estate cites in its reply brief for opening a judgment based on equitable considerations involves the situation of settlement leading to vacation of the trial date and entry of decision. It's just not the same situation at all. The estate is basically raising a new issue here. The deductibility of amounts to be paid to the children as the result of state court litigation, not the deductibility of amounts paid under a trust agreement and will claimed as deductions on the return that were disallowed by the commissioner. It's a whole new deduction, essentially, and issues raised after settlement that really don't have anything to do with the settlement are not sufficient grounds to vacate a decision. The government is pretty sure that this case displays no abuse of discretion on the part of the tax court, either in entering decision based on the settlement that the parties had reached or in refusing to vacate the settlement under the circumstances of this case. Thank you, Ms. Bartholdt. The court has no questions. The government will rest on its brief. All right. Mr. Feisman. Well, your time to expire, but you may have an additional minute. Okay. Thank you, Your Honor. Apparently, according to the commissioner, a party can never rely on a prior settlement or a prior agreement with a third party as a basis for a mutual mistake, which that is exactly contrary to the court's, the Ninth Circuit's conclusion in Fowler, which the court stated that there was a mutual mistake, or at least on summary judgment, it was possible that there was a mutual mistake because they relied on the prior settlement with the third party and it wasn't just a prediction or a failure predict that same third party's future lawsuit backing out of the original settlement. And that's exactly the case we have here. Is the position of the children that they were fraudulently induced in the settlement? The children are trying to claim fraud, but only because they have to do that in order to get around the statute of limitations that requires claims within two years. If that's the case, who would be involved in inducing them into a fraudulent thing except the estate? Well, if there were fraud, which, yeah, that is possible. That's what the children are alleging. The children are meritless, their claim for fraud is. They're claiming fraudulent concealment of the estate tax return saying that the estate never disclosed a copy of the estate tax return to them. One of the children, Ward, is the son, and he was a co-trustee until the day before the children filed their lawsuit. He participated directly in the the day before the children filed their suit. He resigned and joined their suit in which he himself is alleging that the estate fraudulently concealed the estate tax return from him. The estate tax return that he signed, he's claiming that the estate fraudulently concealed it from him. So it's the estate's position that there was no fraud. They have to claim fraud to try to get the statute of limitations, but their claim for fraud is so meritless that it doesn't really even warrant consideration. You may make a concluding remark. Okay. The only other statement I'd like to make is that the $14 million that original deduction on the return was not an arbitrary amount. All the parties understood that that original deduction was derived directly from the 2007 settlement, and so the Commissioner is trying to say that they based their settlement on the original deduction, but not on the 2007 settlement amount. Well, the original deduction was not an arbitrary amount, and for that reason, everybody understood that the underlying fundamental basis for the settlement, the 2012 settlement, was that 2007 settlement amount. Thank you, Your Honor.